HEARING DATE: JANUARY 13, 2010
HEARING TIME: 10:00 A.M.

LINDA TIRELLI, ESQ.
OF COUNSEL TO DAVID BABEL, ESQ.
COUNSEL FOR DEBTOR
ONE NORTH LEXINGTON AVEUNE, 11TH FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860 / FAX(914)946-0870

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**
-------------------------------------------------------------------X
**IN THE MATTER OF**

**CARLOS MOTA,**
             **DEBTOR**

**CHAPTER 13**
 **CASE NO: 13989(SCC )**

**OBJECTION TO PROOF OF CLAIM  #3-1 BY WELLS FARGO BANK, NA AS SERVICER FOR HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-8 AND REQUEST FOR ACCOUNTING AND CONDITIONAL MOTION FOR DAMAGES AND FEES**

-------------------------------------------------------------------X

**OBJECTION TO PROOF OF CLAIM #3-1 FILED BY BY WELLS FARGO BANK, NA AS SERVICER FOR HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-8 AND REQUEST FOR ACCOUNTING AND CONDITIONAL MOTION  FOR DAMAGES AND FEES**

 **COME NOW** the above-named debtor, Mr. Carlos Mota, by and through his attorney of record, Linda M. Tirelli, pursuant to Rule 3007 of the Rules of Bankruptcy Procedure and respectfully object to the Proof of Claim filed in this case by the above named creditor and in support hereof respectfully show unto the Court the following:

1.  This case was commenced by the filing of a petition with the clerk of this court in the

    Manhattan division on July 24, 2010.

2.  The Chapter 13 Debtor, Mr. Carlos Mota, (hereinafter the "Debtor" or "Mr. Mota") is the

owner of real estate located at 2564 Pearsall Avenue, Bronx, NY 10469, his primary

residence (hereinafter the "property").

3.  The Debtor listed a debt and named "Wells Fargo Home Mortgage" as a creditor on

Schedule D of his petition.  A copy of Debtor's Schedule "D" is attached hereto as

**Exhibit "A."**

4.  On or about July 19, 2010, Wells Fargo Bank, NA filed a proof of claim identified as

Claim # 3-1 on the court's ECF system.  A copy of the Proof of Claim #3-1 is attached

hereto as **Exhibit "B"** .

5.  The 341(a) meeting of creditors was held in New York, New York on August 19, 2010.

6.   The Chapter 13 plan was amended and served on August 19, 2010 and a confirmation

hearing is scheduled for December 9, 2010.

## I.  FACTUAL ALLEGATIONS

7.  Proof of Claim #3-1 (hereinafter "proof of claim" or "Claim #3-1" ) filed by named

creditor, "Wells Fargo Bank, NA as servicer for HSBC Bank USA, National Association as

Trustee for Wells Asset Securities Corporation, Mortgage-Pass-Through Certificates Series

2006-8"  purports that the debtor owes Wells Fargo the total sum of $450,318.63 on a secured

claim, with a purported arrearage owing of $14,118.28.

Attached to the proof of claim #3-1 are the following documents:

| **PROOF OF CLAIM #3-1** |
| --- |
| Official form 10, dated August 18, 2010 and executed by "Michelle C. Marans, Esq." |
| A single page itemization, untitled, bearing loan number "****5247"; |

A three (3) page document entitled "Note" bearing the date "April 13, 2006" at page one, identifying the following:
1. Lender: "MLD Mortgage, Inc.";
2. Principal Sum Borrowed: "$461,600.00";
3. Interest Rate: "6.125%"; and
4. Monthly Payment of Principal and Interest: "$2804.73";
5. Specifically endorsed at the bottom left of page 3 as follows:
"Payable to the Order of: <u>Wells Fargo Bank, NA</u>. Without Recourse, MLD Mortgage, Inc." and is signed but the name and title of the signer is illegible.

A "Recording and Endorsement Cover Page" indicating a 19 page document was recorded, including a seventeen (17) page document entitled "Mortgage" bearing the date "April 13, 2006" at page one, and which identifies the roles of certain parties, reading in relevant part as follows:
1. "Borrower" Carlos R. Mota;
2. "Lender" MLD Mortgage, Inc.

A page document entitled, "Assignment of Mortgage" curiously dated post petition on. Said Assignment of mortgage purports to effectively assign the mortgage from "Mortgage Electronic Registration Systems, Inc. as nominee for MLD Mortgage, Inc." as Assignor to "" as assignee,

A *curious* one (1) page purported **post-petition document "Assignment of Mortgage" dated** August 13, 2010 identifying the following parties and information:

1. **<u>Original Lender</u>**: "Mortgage Electronic Registration Systems, Inc. as nominee for MLD Mortgage, Inc."
2. **<u>Assignor</u>**: "Mortgage Electronic Registration Systems, Inc. as nominee for MLD Mortgage, Inc. 3300 SW 34th Avenue Suite 101, Ocala, FL 34474";
3. **<u>Assignee</u>**: "HSBC Bank USA, National Association as Trustee for Wells Asset Securities Corporation, Mortgage-Pass-Through Certificates Series 2006-8 Walden Avenue, Depew, NY 14034"
4. **<u>Signed by</u>:** "John Kennerty, Assistant Secretary of Mortgage Electronic Registration Systems, Inc. as nominee for MLD Mortgage, Inc."
5. **<u>Notarized by</u>**: Carolyn M. Evans, Notary Public in York County, South Carolina.

Said Assignment purports that the assignor in exchange for consideration of $1.00 to assign to the assignee, the following, "…a certain mortgage made by Carlos R. Mota, given to secure payment of the sum of Four Hundred and sixty-one thousand six hundred dollars ($461,600.00) and interest, dated the 13th day of April, 2006, recorded on the 14th day of June, 2006, in the office of the City Register of the City of New York, at instrument No. 2006000334071"

8.    The debtor avers that the purported "Assignment of Mortgage" listed hereinabove,

(hereinafter "Kennerty Assignment of Mortgage") attached as a supporting document to

proof of claim #3-1 is unrecorded.  A copy of the "Kennerty Assignment of Mortgage" is attached here to as **Exhibit "C."**

## II. LEGAL ARGUMENT: LACK OF REQUIRED DOCUMENTATION AND FRAUD ON THE COURT

**a.   The Kennerty Assignment**

9.   The Debtor avers that the purported "Kennerty Assignment of Mortgage" annexed to Wells Fargo's proof of claim is signed by "John Kennerty" on post-petition date of August 13, 2010, without any supporting documentation to substantiate his authorization to do so.

10.   The Debtor further avers that the assignment presented in this case is of fraudulent nature and of questionable origin.  Specifically, "John Kennerty" is not an appropriate party to sign and/or authorize such assignments on behalf of "Mortgage Electronic Registration Systems, Inc. as nominee for MLD Mortgage, Inc."

> The undersigned researched the company "MLD Mortgage, Inc." located at 30 B Vreeland Road, 3rd Floor, Florham Park, NJ 07932[1] via internet and contacted the same by telephone.   According to a representative identifying himself as a supervisor at MLD Mortgage, Inc., said company does business as "The Money Store" (hereinafter "MLD") and is a licensed mortgage broker.  The supervisor explained that MLD does not service loans and does not hold loans after origination.  According to said supervisor, MLD did not hold either th Note or Mortgage in 2010 and has not had any connection to this loan since it originated in April 2006.  The supervisor also verified that he is not aware of anyone named "John Kennerty" working for MLD.

---

[1] The address matches the payment address indicated on the Note attached to proof of claim #3-1.

11. The purported Kennerty Assignment of Mortgage is notarized in the state of South

Carolina, yet purported assignor indicates an address in Ocala, Florida. As indicated

above, the originator for whom Mr. Kennerty ultimately is acting as nominee, in located

in New Jersy. To the extent assignor traveled from either Florida or New Jersey to South

Carolina to appear before a notary makes no logical sense. However, the Debtor avers

that it is no coincidence that Wells Fargo, the purported Assignee, indicates an address in

South Carolina.

12. The Court should further know that Mr. Kennerty has also signed numerous documents

recorded on land records and in at least SEVEN (7) other State and Federal court cases

throughout the United States. In each document including that in the instant case, Mr.

Kennerty's signature appears quite similar, yet his title changed with each document as

follows:

| **Case / Record** | **Document Type and Date** | **Title Used by Mr. Kennerty as Signer** | **State** |
|---|---|---|---|
| Wells Fargo Bank, NA v. Juan Vasquez Alvarenga, et al Supreme Court Suffolk County New York, Index #39286/09 | "Affidavit of Merit and Amount Due in Support of Application for an Order of Reference and Compliance with CPLR 3408"<br><br>**February 14, 2010** | Vice President of Loan Documentation, **Wells Fargo Bank, NA** | New York |
| In re Cynthia Carssow Franklin, Ch13 Debtor SDNY case # 10-20010(rdd) POC #1-1 AND POC#1-2 | Assignment of Mortgage<br><br>**July 12, 2010** | Asst. Secretary of Mortgage Electronic Registration Systems, Inc. as **Nominee for Washington Mutual Bank, FA** | New York |
| In re Carlos Mota, Ch 13 Debtor SDNY Case #10-13989 POC #3-1 | Assignment of Mortgage<br><br>**August 13, 2010** | Asst. Secretary of Mortgage Electronic Registration Systems, Inc. as **Nominee for MLD Mortgage, Inc.** | New York |

| | | | |
|---|---|---|---|
| In re Mims, Ch 7 Debtor SDNY Case #10-14030 Motion for Relief from Stay Doc. #9; (Opinion re Motion DENIED Doc #13); Motion for Relief From Stay Doc. #20 | Assignment of Mortgage<br><br>**September 13, 2010** | Asst. Vice President Mortgage Electronic Registration Systems, Inc. as **Nominee for Lend America** | New York |
| Wells Fargo Bank, NA vs. Ingraham et al | Assignment of Mortgage<br><br>**September 7, 2010** | Asst. Secretary of Mortgage Electronic Registration Systems, Inc. as **Nominee for AM Trust Bank** | New York |
| HSBC Bank USA, National Association, As Trustee for Luminent Mortgage Trust 2007-2 vs. Michael J. Greto, et al<br><br>Circuit Court of the Nineteenth Judicial Circuit Indian River County, FL Case # 31-2009-CA-011437 | Affidavit as to Lost or Misplaced Original Note<br><br>**October 13, 2009** | VP of Loan Documentation of **America's Servicing Company** | Florida |
| Wells Fargo Bank, NA vs. Chad Yoder et al<br><br>Circuit Court of the Eighteenth Judicial Circuit Brevard County, FL Case #05-2010-CA-010712 | Affidavit As to Amounts Due and Owing<br><br>**April 1, 2010** | VP Loan Documentation **Wells Fargo Bank NA as Successor By Merger to Wells Fargo Home Mortgage, Inc.** | Florida |
| Wells Fargo Bank, NA vs. Glenn Carlo Holcomb, et al | Affidavit As to Amounts Due and Owing<br><br>**October 13, 2009** | VP Loan Documentation **Wells Fargo Bank NA as Successor By Merger to Wells Fargo Home Mortgage, Inc.** | Florida |
| Land Records | Affidavit in support of Massachusetts Foreclosure Deed By Corporation<br><br>**December 15, 2009** | VP Loan Documentation/ **Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF11 by Attorney In Fact Wells Fargo Bank, NA** | Massachusetts |
| Land Records | Power of Attorney<br><br>**October 12, 2009** | VP Loan Documentation/ **Attorney In Fact Wells Fargo Bank, NA** | Massachusetts |

| In re Nguyen Chapter 13 Case # 10-44323 Western District of Washington POC # 4-1 | Allonge Endorsement to [blank] **Undated** | VP Loan Documentation/ **Wells Fargo Bank, NA** | Washington |
|---|---|---|---|

The collection of eleven (11) documents signed by Mr. Kennerty[2] is further summarized in the table prepared by the undersigned attached hereto as **Exhibit "D"** together with copies of each document noted in the above table.

13. To the extent that Mr. Kennerty by any name is a Vice President of Loan Documentation at Wells Fargo Bank, NA, as stated under oath in several of the aforementioned documents signed by him, the debtor avers that Mr. Kennerty would have a serious conflict of interest acting as an officer of both the Assignor and the Assignee in the instant case.  The Debtor avers that the more likely scenario is that Mr. Kennerty  is not who he purports to be in the Assignment of Mortgage and that Mr. Kennerty lacks any personal knowledge and any authority to actually transfer the asset of any entity in the instant case.

14. The Debtor hereby avers that the Assignment of Mortgage presented by Wells Fargo Bank, NA in the case at bar to be a fraudulent document fabricated and presented under oath subject to penalty of perjury with the intention and purpose of misleading the Court, the Debtor, the Chapter 13 Trustee and all parties affiliated with Mr. Mota's Chapter 13 Bankruptcy case.

15. The Court should know that the signer, John Kennerty, provided sworn testimony by way of deposition in the case of <u>Lydia Geline vs. Northwest Trustee Services, Inc., Wells Fargo Bank, NA et al</u> case #09-2-46576-2 (SEA) on May 20, 2010 (hereinafter the

---

[2] The court should note that Herman John Kennerty is also known as "John Kennerty," and/or "Herman Kennerty."

"Kennerty Deposition").  A copy of the transcript of the  Kennerty Deposition is attached

hereto as **Exhibit "E"** .    Mr. Kennerty testified, in relevant part, as follows: :

> A-*"With Wells Fargo, I am a loan administration manager
> managing our default document group"*
> Q-*"Why don't you tell me what your job duties are of that."
> (sic.)*
> A-*"There's three main areas within the default doc group.  The
> first one is the ordering and obtaining of the collateral
> documents for loans.  The assignment team, the execution of
> assignments, as well as the executable team which is the
> executing of other foreclosure related documents." (Trans. Pgs.
> 6-7)*
>
> Q- *"Are you also vice president?"*
> A-*"Of Loan Documentation"*...
> Q- *"Have you had the vice president title since you became
> employed there?"*
> A-*"Shortly thereafter."*
> Q-  *"So the official title is Vice President of Loan
> Administration?"*
> A-*"No."*
> Q-*"Im sorry.  Can you-"*
> A-*"Vice President of Loan Documentation." (Trans. Pgs. 7-8)*
>
> Q-*"How often do you actually sign documents?"*
> A-*"Daily"*
> **Q-"Can you tell me about how many documents you sign a
> day?"**
> **A-"Anywhere from 50 to 150."** *(Trans. Pgs. 8-9)*

16.  This court is not immune to the climate of the times and coined term of art, "Robo-Signer."

To the extent Mr. Kennerty executes anywhere from 50-150 documents per day, between 250 –

750 per week, which amounts to 13,000 -39,000 per year, the Debtor avers that Mr. Kennerty is a

"robo-signer" ie., an individual paid to sign documents such as the assignment of mortgage in the

instant case, without regard or knowledge of the truth of the information contained in such

documents.

17.     Furthermore, to the extent Mr. Kennerty is an employee of Wells Fargo Bank. NA, the

purported servicer as per the caption on Official Form 10 of creditor's proof of claim it

would be a conflict of interest for Mr. Kennerty to simultaneously represent the Assignor ,

namely MLD Mortgage, Inc., and be employed by the Assignee's purported servicer,

Wells Fargo Bank, NA.  Clearly this is a manufactured document intended to defraud the

Court, the Chapter 13 Trustee, the United States Trustee, the Debtor and all other parties

effected by the instant bankruptcy case.


**b.  The Conveyance Provisions of the Trust**

18.     The subject Mortgage and Note, originated between the Debtor and MLD Mortgage, Inc.

 (hereinafter referred to as the "Originator") on April 13, 2006 at a closing for the

purchase of the subject real property, located at 2564 Pearsall Avenue, Bronx, NY 10469.

This is the Debtor's primary residence.  Since that time, as per the claimant's position, the

subject Mortgage and Note (hereinafter collectively the "loan") became an asset of a

securitized trust (ie., *the aggregation and pooling of similar assets in such a way that

investors may purchase securities backed by such assets.*)   The claimant, Wells Fargo

Bank, NA as purported servicer for HSBC Bank USA claims the debtors loan is owned by

a securitized trust, namely "Wells Fargo Asset Securities Corporation, Mortgage Pass-

Through Certificate Series 2006-8" but has failed to provide any proof whatsoever that the

loan was conveyed to the trust.  Furthermore, Wells Fargo has failed to provide any

information to indicate it is acting as an agent of the purported trust and without such

proof lacks standing to pursue this action and has failed to invoke the subject matter

jurisdiction of this court.  This claim must be dismissed.

**1.      HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificate Series 2006-8 lacked the legal capacity to accept a loan outside of a process prescribed by the governing Pooling and Servicing Agreement.**

19.     Attached to its proof of claim dated August 18, 2010, purported creditor, "Wells Fargo Bank, NA as Servicer for HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificate Series 2006-8." (hereinafter the "creditor" or the "claimant"), the claimant included a copy of **a Note.** Said Note is specifically indorsed to "Wells Fargo Bank, NA." According to the Assignment of Mortgage executed by Mr. Kennerty , the Mortgage is held by HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificate Series 2006-8. *How is it that the Note is purportedly in the name of the servicer while the Mortgage is in the name of the principal?*

20.     The undersigned located the pertinent Pooling and Servicing Agreement (hereinafter "PSA") which controls the trust known as **Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificate Series 2006-8** (hereinafter the "Trust") online at the public website of the Security Exchange Commission. Said PSA is in fact a THREE HUNDRED TWENTY (320) page document. The entire PSA can be viewed online at the following web page:

http://www.sec.gov/Archives/edgar/data/1363936/000091412106002395/we909675-ex4_1.txt

and is attached hereto as **Exhibit "F."** Not only did the claimant not include a complete PSA let alone a reference to it, the claimant and its attorneys apparently never consulted the PSA to verify the conveyance provisions and specific terms which must be met in order for the loan to be owned by the Trust.

21.    Article II Sec. 2.01 of the PSA ( see PSA pg 71)  controls the conveyance provisions of

the PSA, additional parties and a specific chain of transfers by way of true sales are

mandatory if a loan is to become an asset of the Trust.  Moreover the required specific

indorsement of the Note is mandated by Sec. 2.01(d) which reads as follows:


```
(d) Except for Mortgage Notes endorsed in blank, endorsements shall
comply with the following format:

                        WITHOUT RECOURSE
                       PAY TO THE ORDER OF:
                  HSBC BANK USA, NATIONAL ASSOCIATION, AS
                  TRUSTEE under the pooling and servicing
                     agreement dated as of [date].
                     and its successors and assigns,

          [Wells Fargo Bank, N.A.] or [Wells Fargo Home Mortgage, Inc.]
                          [Signature of Officer]
                        [Officer's Name and Title]
```
(See PSA pg.75)

22.  The debtor asks the court take judicial notice that the note presented by the Claimant is

neither endorsed in blank nor specifically endorsed in the manner required by the PSA

Article II Sec. 2.01(d).

23.  In accordance with Security Exchange Commission Regulation AB, the Debtor's mortgage

and note (hereinafter collectively referred to as the "mortgage loan") which originated

after January 1, 2006 must be included and specifically identified by the Securitized Trust

by way of a supplemental document "Mortgage Loan Schedule" also to be filed with the

Security Exchange Commission (hereinafter the "SEC") by way of Debtor's loan

number.  Despite an exhaustive search of the SEC online public records, the Debtors'

counsel was unable as of the drafting of this supplement, to locate any document on file

with the SEC that would indicate the Debtors' loan is an asset of the Trust.

24.    According to the pertinent Prospectus Supplement, dated June 27, 2006, (copy attached

as **Exhibit "G"**)  as filed with the SEC , available on line at:

http://www.sec.gov/Archives/edgar/data/1011663/000119312506139042/d424b5.htm

the series of transfers required to occur before any asset is conveyed to the Trust is as follows:

### THE TRANSACTION PARTIES

The sponsor originated or purchased and currently services the mortgage loans. On the closing date the sponsor will sell the mortgage loans to the depositor, who will in turn deposit them into a common law trust, which is the issuing entity. The trust will be formed by a pooling and servicing agreement, to be dated as of the closing date, among the depositor, the master servicer and the trustee. The master servicer will master service the mortgage loans and calculate distributions and other information regarding the certificates in accordance with the pooling and servicing agreement. The trustee will have limited administrative duties under the pooling and servicing agreement. The servicer will service the mortgage loans in accordance with the underlying servicing agreement entered into between the servicer and the master servicer.

(**See ProSupp pg. 12**)

The transfers of the mortgage loans from the sponsor to the depositor to the issuing entity in exchange for the

certificates is illustrated below: (See Pro supp page 13)

http://www.sec.gov/Archives/edgar/data/1011663/000119312506139042/g88691img001.jpg



25.    According to the PSA and the Pro Supp, the participants and relevant terms in the chain

of required transfers are defined as follows:

**"Closing Date"** : June 29, 2006 ( PSA pg 173 / see §11.20 )

**"Sponsor"** : Wells Fargo NBank, NA ( Pro Supp pg. 33)

**"Depositor"** : Wells Fargo Asset Securities Corporation ( Pro Supp pg 34; PSA pg. 41)

**"Issuing Entity"** : A New York Common Law Trust (the "Trust") ( pro Supp pg. 34)

**"Trustee"** : HSBC Bank USA, National Association ( Pro Supp pg 34; PSA pg 68)

The mandatory conveyancing procedure prescribed in the documents on file with the

SEC for acquiring the mortgage loans by the Trust is summarized as follows:

**A) Originator → (B) Sponsor → (C) Depositor → (D) Trust**

In other words….

**A) MLD Mortgage Inc. → B)Wells Fargo Bank, NA → C) Wells Fargo Asset Securities Corporation →D) The Trust**

26. However, according to the documentation in support of Claimant's Proof of Claim the chain of transfers and events relied upon by the Movant and presented to the Court is out of integrity with the PSA and Pro Supp in that the Note is not endorsed as required and transferred, at most, from the Originator to the Sponsor.  Furthermore, the Mortgage never transferred prior to the closing date and according to the Kennerty Assignment, transferred from the Originator directly to the Trust.   The proof of claim, presumably prepared by opposing counsel, blatantly omits even mentioning the required "A –TO→B –TO→C→D" of the chain of title and there is no indication that the required sequence for transfer of the chain of title was followed.  Whether this omission is a matter of intention or inattentiveness remains to be determined, either way it is an abuse of process.

27. The actions of the underlying Trust, are controlled and limited by the Pooling and Servicing Agreement  and applicable state law.  Due to the limitations placed on the Trust by these sources, the Trust is <u>only</u> able to acquire the debtor's mortgage and note through the above described process and since this process was not followed, the purported acquisition of the Mortgage and Note are void as a matter of law. According to the PSA, the Trustee cannot accept a conveyance of a loan in the manner asserted by the claimant via opposing counsel.

28. Regardless of the issues surrounding the Trust and PSA, under the New York Uniform

Commercial Code, the Note that forms the basis of the motion for relief has not been negotiated

to the Trust. Since it has not, the Trust is not the owner of the Note and therefore the Trustee,

and certainly any of its would-be servicers, lack standing to file the Proof of Claim.

**2.The Claimant is a securitized trust in this case and the purported assignment is void under controlling New York Law**

Section 10.04 of the Pooling and Servicing Agreement states:

"This Agreement shall be construed in accordance with the laws of the State of New York (without regard to conflicts of laws principles), and the obligations, rights and remedies of the parties hereunder shall be determined in accordance with such laws."

29.    New York Trust law says every sale, conveyance or other act of the trustee in

contravention of the trust is void. " NY CLS EPTL § 7-2.4, Application of Muratori, 183

Misc. 967, 970 (N.Y. Sup. Ct. 1944) *See also* Dye v Lewis (1971) 67 Misc 2d 426, 324

NYS2d 172, mod on other grounds (1972, 4th Dept) 39 App Div 2d 828, 332 NYS2d

968. (The authority of a trustee to whom a mortgage had been delivered under a trust

indenture was subject to any limitations imposed by the trust instrument, and every act in

contravention of the trust was void.)

The Trust created by the PSA consists of the Depositor's right, title and interest in

various mortgages and notes. However, the Trust, has only one way of obtaining these

assets, namely by acquiring them from the Depositor and it cannot acquire them any

other way under New York State Law without the written consent of all the Trusts

beneficiaries.

30.    Given the sheer size of the mortgage pool, it is reasonable to assume that the Trust has a

very large number of beneficiaries. As per N.Y. Est. Powers & Trusts Law §7-2.4: "If the

trust is expressed in the instrument creating the estate of the trustee, every sale,

conveyance or other act of the trustee in contravention of the trust, except as authorized

by this article and by any other provision of law, is void." A "beneficial person" has been

defined as any person who under the a trust instrument , has right, whether past present or

future, or vested or contingent, to income or principal of trust fund. Schoellkopf vs.

Marine Trust Co. of Buffalo, 267 N.Y. 358, 196 N.E. 288 (1935) In Gilbert vs. Gilbert 39

NY2D 663(1976), 385 NYS 2d 278, 350 NE 2D 609, the court stated that the instrument

by which a grantor conveyed additional property to a "Clifford Trust" could not have

served as an amendment to the original trust instrument where written consent to

amendment by all persons beneficially interested in the trust was not obtained. (A

"Clifford Trust" is a trust used to move income producing assets from a parent's tax rate

to a child's tax rate.) In the case of In re Morgenhagen 50 A.D. 3D 1486, 856 N.Y.S.2d

389 (4 Dept. 2008), the New York trial court Held that where the consent of all persons

beneficially interested in an irrevocable family trust had not given consent to the

revocation of the trust prior to the revocation, the trust was not validly revoked.


**3.Because the Claimant lacks standing, it cannot invoke the subject matter jurisdiction of this court.**

31.     The Debtor in the instant case reiterates that a party seeking to file a claim in any Federal

Court "bears the burden of demonstrating standing and must plead its components with

specificity." *Coyne v American Tobacco Company, 183 F.3d 488, 494 (6th Cir. 1999).*

The minimum constitutional requirements for standing are: proof of injury in fact, causation, and

redressability. *Valley Forge Christian College v Americans United for Separation of Church &*

*State, Inc., 454 U.S. 464, 473 (1982).* Furthermore, in order to satisfy the requirements of Article

III of the United States Constitution, any claimant asserting rights in a Federal Court must show

he has personally suffered some actual injury as a result of the conduct of the adverse party.

*Coyne, 183 F.3d at 494; Valley Forge, 454 U.S. at 472.*

32.     The Claimant purports to be a servicer acting as an agent to the real party in interest, ie.,

the Trust, but fails to demonstrate said Trust has ever been conveyed or otherwise owned the

interest in the Debtors' Loan and thus fails to meet the requirements for standing in a Federal

Court.   "Federal Courts have only the power authorized by Article III of the Constitutions and

the statutes enacted by Congress pursuant thereto. ... [A] plaintiff must have Constitutional

standing in order for a federal court to have jurisdiction." In re Foreclosure Cases, 521 F.Supp.

3d 650, 653 (S.D. Ohio, 2007) (citations omitted).

33.     The Claimant  simply does not have standing.   In the instant case, the Claimant does not

substantiate the position set forth in it's proof of claim in that it does not offer documentation to

indicate it is the actual holder or owner or that it otherwise  has agency with the actual holder or

owner.   Instead, Wells Fargo Bank, NA falsely names itself a servicer of a "secured creditor"

thereby creating the illusion that it's principle is a holder and owner with rights to enforce the

note.

34.     The Courts have not hesitated to sustain objections to claims where, as here, the claimant

has not demonstrated standing. See In re Jones, 2008 WL 4539486, at *5 (Bankr. D. Mass. Oct.

3, 2008) (assignment of mortgage required to establish accurate chain of ownership of

mortgage); see also In re Hayes, 393 B.R. 259, 270 (Bankr. D. Mass. 2008) (order entered

sustaining objection to proof of claim where bank failed to demonstrate standing, either by

showing that it held note or mortgage or that it serviced loan); see also in re Maisel, 378 B.R. 19,

22 (Bankr. D. Mass. 2007) (bank filing lift-stay motion must demonstrate standing).

35.     Furthermore, the Debtor avers that the Claimant would be hard pressed to explain how it

would or could bypass the requirements of the PSA and obtain true ownership and control of the

both the Note and the Mortgage which according to the documents provided by the claimant

seem to have been separated from each other.  The purported copy of the note, is payable to

"Wells Fargo Bank, NA"  This is simply not a proper endorsement for the loan to be owned by

this Trust – period.  There is no further endorsement of the Note and thus this Note could not

have been "sold" to or "purchased" by the Depositor as required by the PSA and in turn, it could

not have been subsequently sold by Depositor to or otherwise purchased by the Trust.

36.     The attempt to create an assignment of mortgage to the Trust from a party (MLD

Mortgage Inc.) which is not even mentioned in the PSA and simply could not possibly transfer it

directly to the Trust is tantamount to a fraud on the court. It was done with the intention  of

fooling the court, the debtor and all parties involved into believing the transaction occurred as

described in the Kennerty assignment which clearly, it could not.

### III.     LEGAL ARGUMENT: ASSIGNMENT OF MORTGAGE IS VOIDABLE TRANSFER PURSUANT TO BANKRUPTCY CODE §549(s)(1)(B)

37.     Section 549 of the U. S. Bankruptcy Code pertains to such transfers as described

hereinabove and reads as follows:

> "(a) Except as provided in subsection  (b) and (c) of this section, the trustee may
>
> void a transfer of property of the estate……
>
> (1)That occurs after the commencement of the case; and …
>
> ____ (B) that is not authorized under this title or by the court."

38.  The assignment of mortgage attached to the Proof of Claim #3-1, is dated August 13,

2010, well after the date of the commencement of this chapter 13 bankruptcy proceeding.

39.  The assignment of mortgage is an attempt to perfect a lien after the commencement of

the case and therefore is voidable by this Court.

40.  The debtor avers that there can be no reason for the assignment of the mortgage to Wells Fargo other than to perfect or attempt to perfect a claim in the residential real estate or to transfer property of the bankruptcy estate.


## IV.  LEGAL ARGUMENT: THE ASSIGNMENT OF MORTGAGE IS A VIOLATION OF BANKRUPTCY CODE SECTION 362 (a)(4)

41. Section 362(a)(4) of the United States Bankruptcy Code reads as follows:

"(a)…..a petition filed under section 301, 302, and 303 of this title, ….operates as a stay, applicable to all entities, of…

(4) any act to create, perfect, or enforce any liens against property of the estate;"


42. The assignment of mortgage is an attempt to create, perfect or enforce a lien against property of the estate in violation of §362(a)(4) of the U. S. Bankruptcy Code.


43. There can be no reason for the "assignment" of the mortgage to Wells Fargo other than to perfect or attempt to perfect a claim in the residential real estate or to transfer property of the bankruptcy estate.


## V.  LEGAL ARGUMENT: THE ASSIGNMENT OF MORTGAGE IS A VIOLATION OF BANKRUPTCY CODE SECTION 362 (a)(5)

44.  Section 362(a)(5) of the United States Bankruptcy Code reads as follows:

"(a)…..a petition filed under section 301, 302, and 303 of this title, ….operates as a stay, applicable to all entities, of…

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that lien secures a claim that arose before the commencement of the case under this title;"

45. The assignment of mortgage is an attempt to create, perfect or enforce a lien against property of the Debtor, based upon an alleged claim that arose before the commencement of this case and is therefore in violation of §362(a)(5) of the U.S. Bankruptcy Code.

46. There can be no reason for the "assignment" of the mortgage to Wells Fargo other than to create, perfect or enforce a lien against property of the Debtor which arose prior to the commencement of the instant bankruptcy case.

### VI.  WELLS FARGO BANK, NA LACKS STANDING AS PER APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE AND BANKRUPTCY PROCEDURE

47.  In the bankruptcy courts, procedure is governed by the Federal Rules of Bankruptcy and Civil Procedure. Procedure has an undeniable impact on the issue of "who" can assert a claim as a holder, because pleading *and* standing issues which arise in the context of our federal court system. According F.R.Civ. Pro. 17, *"[a]n action must be prosecuted in the name of the **real party in interest**."* (emphasis added)

48. An Objection to Proof of claim, is a contested matter, governed by F. R. Bankr. P. 9014, which makes F.R. Bankr. Pro. 7017 applicable to such motions. F.R. Bankr. P. 7017 is, of course, a restatement of F. R. Civ. P. 17.

49. The Debtor avers that the *real party in interest* in a federal action to enforce a note, whether in bankruptcy court or federal district court, is the *owner* of a note. Because the actual name of the actual owner of the note is not stated very claim is defective.

50. In the case of Deutsche Bank Nat'l Trust Co. v. Steele, 2008 WL 111227 (S.D. Ohio) January 8, 2008, the Honorable Judge Abel found that Deutsche Bank had filed evidence in support of its motion for default judgment indicating that MERS was the mortgage holder. There was not sufficient evidence to support the claim that Deutsche Bank was the owner and holder of the note as of that date. In following In re Foreclosure Cases, 2007 WL 456586, the Court held that summary judgment would be denied "until such time as Deutsche Bank [the movant] was able to offer evidence showing, by a preponderance of evidence, that it owned the note and mortgage when the complaint was filed." 2008 WL 111227 at 2. Deutsche Bank was given twenty-one days to comply. Id.

51. In a decision on March 10, 2009, the Honorable Philip H. Brandt, US Bankruptcy Judge for the Western District of Washington cited the matter of In Re Jacobson , 19 CBN 522 (Bankr. W.D. Wash. 2009) and denied a motion filed by a servicing agent for lack of standing because it was not brought in the name of the party who had the right to enforce a deed of trust and did not establish that the movant was authorized to act on behalf of the party who had such right.

52. In the case at bar, the claimant, by its own documents and admissions in its

Proof of claim #3-1 establishes only that the Trust it is neither the holder nor the owner of

the note. Wells Fargo neither asserts that it has a beneficial interest in the specifically

endorsed Note affixed to Proof of Claim.  Insofar as Wells Fargo Bank, NA is a mere

servicer, it cannot enforce the note in its own right without a proper claim available to its

principal.

## VII.      LEGAL ARGUMENT: THE ASSIGNMENT OF MORTGAGE , IF AUTHENTIC, GIVES RISE TO VIOLATION 15 U.S.C. 1641 (F) AND STATUTORY DAMAGES PURSUANT TO 15 U.S.C. 1640(A)

53. Recent amendments to Section 404 of Public Law 111-22 reads in relevant part as

follows:

**SEC. 404. NOTIFICATION OF SALE OR TRANSFER OF MORTGAGE LOANS.**

(a) IN GENERAL.—Section 131 of the Truth in Lending Act
(15 U.S.C. 1641) is amended by adding at the end the following:

''(g) NOTICE OF NEW CREDITOR.—
''(1) IN GENERAL.—In addition to other disclosures required by this title, **not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer**,

 ''(A) the identity, address, telephone number of the
new creditor;

''(B) the date of transfer;

''(C) how to reach an agent or party having authority
to act on behalf of the new creditor;

''(D) the location of the place where transfer of ownership
of the debt is recorded; and

''(E) any other relevant information regarding the new

creditor.

''(2) DEFINITION.—As used in this subsection, the term 'mortgage loan' means any consumer credit transaction that is secured by the principal dwelling of a consumer.''.

   **(b) PRIVATE RIGHT OF ACTION.—Section 130(a) of the Truth in Lending Act (15 U.S.C. 1640(a)) is amended by inserting ''subsection (f) or (g) of section 131,'' after ''section 125,''.** (Emphasis Added)

54. 15 U.S.C. 1640(a) Civil Liabilities provides for damages to the debtor as follows:

   (a) **Individual or class action for damages; amount of award; factors determining amount of award**
Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
      (1) any actual damage sustained by such person as a result of the failure;
      (2)
      (A) …
            (iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $400 or greater than $4,000…''

55. 15 U.S.C. 1640(a)(B)(3) further provides for additional damages including the costs of

the action and reasonable attorneys fees, as determined by the Court.

56. The Assignment affixed to the Proof of Claim offered by Wells Fargo Bank, NA  is dated

August 13, 2010.  The Debtor requests the Court to take judicial notice that the date of

this instant pleading is well past the 30 days required for notice under §131 of the Truth

in Lending Act.

57. As of the date of this pleading, the Debtor has not received notice of the purported

August 13, 2010 assignment of his mortgage to the Trust, despite the Trust's statutory

obligation to provide such notice to the debtor.  The Debtors aver that the fact this

obligation was not met in the face of statutory damages, further evidences the likelihood

that the Assignment of Mortgage is a false document and does not effectuate an actual

valid assignment.

58. To the extent the purported Assignment of Mortgage in the instant case is deemed a valid

assignment and Wells Fargo Bank, NA is determined to be the new assignee, the Debtor

hereby reserves her right to seek statutory damages, costs and an award of legal fees from

the Trust.

## VIII.   LEGAL ARGUMENT: THE PROOF OF CLAIM FAILS TO SUBSTANTIATE ITEMIZATION OF THE CLAIM

59. That the Proof of Claim includes a single page itemization un-titled, bearing loan number
"****5247"  The itemization omits to identify many pertinent dates and unit amounts to
explain the calculations and is therefore deficient.

TOTAL AMOUNT OF DEBT:

| | |
|---|---|
| Principal Balance | $438,274.13 |
| Accrued Interest      Interest at  6.125% | 10,639.64 |
| Accrued Late Charges | 280.45 |
| Escrow Advance | 1079.41 |
| Property Inspections | 45.00 |
| Total: | 450,318.63 |

PRE-PETITION ARREARS

| | |
|---|---|
| 4 PAYMENTS AT $3338.41 | 13,353.64 |
| (April 1, 2010-July 01, 2010) | |
| Accrued Late Charges | 280.45 |
| Escrow Shortage | 439.19 |
| Property Inspections | 45.00 |
| TOTAL | $14,118.28 |

60. To the extent the mortgage loan documents indicate any late fee charges, there is no documentation as to reason, unit amount or triggering event for the late charge indicated the calculation of the late charge showing on the proof of claim.

61. To the extent the agreed upon monthly payments as per the terms of the Note are $2,804.73 and the payments indicated by the creditor are $3338.41 there is no documentation or explanation as to the difference in the amount or how the payment is to be applied.

62. There is an itemized claim for an "Escrow Advance" in the amount of $1079.41, again without any documentation, explanation or accounting to substantiate the same.

63. There is a charge for "property inspection fees" in the amount of $45.00 again with no documentation or indication as to unit price, amount, dates, basis or anything to otherwise substantiate the same.

64. There is a charge for "escrow shortage" in the amount of $439.19 again with no documentation or indication as to unit price, amount, dates, basis or anything to otherwise substantiate the same.

**WHEREFORE,** the debtors pray of the Court as follows:

A.    That Proof of Claim #3-1 be expunged;

B.    That Court direct the Chapter 13 Trustee to strike the proof of claim of WELLS FARGO BANK, NA AS SERVICER FOR HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-8 ;

C.      That  WELLS FARGO BANK, NA AS SERVICER FOR HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS THROUGH CERTIFICATES SERIES be precluded from filing any amended, modified or substitute claim in this case;

D.      That WELLS FARGO BANK, NA AS SERVICER FOR HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS THROUGH CERTIFICATES SERIES provide an accounting of all figures set forth in its proof of claim.

E.      That the Debtor have and recover against WELLS FARGO BANK, NA AS SERVICER FOR HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS THROUGH CERTIFICATES SERIES a sum to be determined by the Court in the form of actual damages;

F.      That the Debtor have and recover against WELLS FARGO BANK, NA AS SERVICER FOR HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS THROUGH CERTIFICATES SERIES a sum to be determined by the Court in the form of statutory damages;

G.      That the Debtor have and recover against WELLS FARGO BANK, NA AS SERVICER FOR HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION,

MORTGAGE PASS THROUGH CERTIFICATES SERIES a sum to be

determined by the Court for punitive damages;

H.        That the Debtor have and recover against WELLS FARGO BANK, NA AS

SERVICER FOR HSBC BANK USA, NATIONAL ASSOCIATION AS

TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION,

MORTGAGE PASS THROUGH CERTIFICATES SERIES a sum to be

determined by the Court all legal fees and expenses incurred by her attorney; and

I.        That the debtor have such other and further relief as the Court may deem just and

proper.

## X.  Conditional Motion Requesting the Recovery of Legal Fees and Expenses Under 28 USC 1927

In the event the Proof of Claim #3-1 is withdrawn by WELLS FARGO BANK, NA AS

SERVICER FOR HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR

WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS THROUGH

CERTIFICATES SERIES at any time prior to the conclusion of the final hearing on the merits

or in the event this Court strikes the proof of claim and amended proof of claim based on one

or more of the **Affirmative Defenses** pleaded herein or in the further event that the Court

denies the claim upon a finding of one or more of the following facts:

1.  This Court finds that the factual contentions in the proof of claim and/or amended proof of

claim was/were not based on a reasonable review of the account records of the debtors as

maintained by the Master Servicer, the Primary Servicer, the Subservicer, the Default Servicer,

the Claimant, or any third-party vendor; or

2.   This Court finds that the alleged default in payments by the debtors was based in whole or

in part on any misapplication of payments from debtor by the Claimant or any other party; or

3.   This Court finds that the alleged default in payments by the debtor was based in whole or in

part upon the use of payments made by the debtors for the payment of or the credit against any

fees or expenses of any nature whatsoever related to or arising out of the debtors' mortgage

loan that have not heretofore been approved by this Court after proper notice and hearing; or

4.   This Court finds that the factual contentions in the motion were not supported by the

evidence in the account records of the debtors or, in the alternative, were inconsistent with the

proofs of payment tendered as evidence by the debtors and duly admitted as evidence by this

Court; or

5.   This Court determines that the proof of claim and amended proof of claim was/were filed

for some improper purpose such as to harass the debtors or to cause unnecessary delay or

needlessly increase the cost of this Chapter 13 bankruptcy case.

6.   Then and in the event any one or more of such findings are made by this Court then the

debtor respectfully move this Court pursuant to the provisions of Section 1927 of Title 28 of

the United States Code for the recovery of their legal fees and expenses in a sum equal to

twice the presumed fee or the hourly billing rate of the attorney for the debtor ($450.00),

whichever amount is greater, and for the recovery of the debtors' expenses such as lost time

from work, travel costs, telephone calls, postage, paying for bank records, securing and

paying for money order or checking tracing and confirmation services, expenses incurred for

the electronic tracing of payments and the like, from Wells Fargo Bank, NA, its successors in

interest, and/or the attorneys for the Claimant.

7.  In support of this conditional motion, the debtors show unto the Court that Section 1927 of

Title 28 of the United States Code, regarding Counsel's liability for excessive costs,

provides:

*Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.*

8.  A district court has the inherent power to assess attorney's fees against a party who has

"acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Alyeska Pipeline*

*Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975) (internal quotations omitted).

In this regard, if a court finds "that fraud has been practiced upon it, or that the very temple

of justice has been defiled," it may assess attorney's fees against the responsible party.

*Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946).   In such

instances, the imposition of sanctions "transcends a court's equitable power concerning

relations between the parties and reaches a court's inherent power to police itself, thus

serving the dual purpose of 'vindicat[ing] judicial authority without resort to the more drastic

sanctions available for contempt of court and mak[ing] the prevailing party whole for

expenses caused by his opponent's obstinacy.'"  *Chambers v. Nasco*, 501 U.S. 32, 46 (1991)

(quoting *Universal Oil*, 328 U.S. at 580).

**WHEREFORE,** the debtor having responded by way of Motion Objecting to Claim to the proof of claim #3-1 filed herein for the purpose of reserving his right to hearing before the court respectfully pray of the court as follows**:**

A.  That the debtor(s) be granted a **preliminary hearing** on all issues raised by the pleadings in this case;

B.  That if applicable the claimant be ordered pursuant to **Rule 7034** of the Federal Rules of Bankruptcy Procedure to **produce all current appraisal reports on the subject property, valuations, delinquency contact reports, mortgage inspection reports, property inspection reports, and all documents** prepared in connection with this loan before any court hearing;

C.   That the court require the claimant pursuant to **Rule 7034** of the Federal Rules of Bankruptcy Procedure to **produce a complete life of loan history of all receipts of payments since the filing of this case (from the Trustee and the Debtor) and a detailed summary of the application and disbursement of all such payments**;

D.    That if applicable the claimant be ordered to provide the debtor(s) with **the name, address and telephone number of the current owner of the mortgage or note as provided for by Section 1641(f)(2) of Title 15 of the United States Code**;

E.    That if applicable the claimant provide the debtor(s) with a list of each entity having any interest in the mortgage note that is the subject of this motion including, but not limited to, any broker, table-funder, correspondent lender, originator, lender, warehouse lender, trustee, investor, trustee under a pooling and servicing agreement, servicer, sub-servicer, master-servicer, or similar party, and to identify each such party by full name, address, and a telephone number;

F.    That if applicable the claimant be required to provide the debtor(s) for each party listed pursuant to Section E herein the consideration each entity received or disbursed for any interest it obtained or relinquished in the loan as well as the party it paid consideration to or received it from;

G.    That this response be treated as a written **Request for Production of the Documents** described herein, including the production of the lists and records as identified herein, said request being made pursuant to Rule 7034 of the Federal Rules of Civil Procedure and Rule 34 of the Federal Rules of Civil Procedure, and that **the court enter an order requiring such documents to be produced a least ten (10) days prior to any final hearing on this motion**;

H.    That this response be treated as a **Motion pursuant to Rule 9006(c)(1)** of the Federal Rules of Civil Procedure for this court in its discretion without notice and a hearing to reduce the time period to respond to the request for production of documents as provided for herein to a period of no less than ten (10) days prior to the designated hearing date and that the claimant

31

be ordered to fax legible copies of said documents to the attorney for the debtor(s) or to transmit the same by an expedited or express mail service;

I.   That the court require the claimant to establish all facts in its claim(s) by way of sworn testimony by qualified and competent agents and employees of the claimant and to that extent the debtor(s) object to the use of any affidavits at this hearing and will only consent to the testimony of witnesses with actual and personal knowledge of the facts so that they can authenticate that any matter is what it is claimed to be;

J.   That if applicable the motion be dismissed if the claimant fails to produce all of the requested documents at least five (5) days before the hearing date as requested herein and that sanctions be awarded against the claimant in the event thereof;

K.   That if applicable this motion be dismissed pursuant to Rules 7017, 7019, and 7020 of the Federal Rules of Bankruptcy Procedure for failure to prosecute the same in the name of the real party in interest, to join necessary and mandatory parties, or to include the Trustee under the Deed of Trust, or the Trustee under the Pooling and Servicing Agreement, as a necessary party;

L. That if applicable this motion be dismissed for failure of the claimant to comply with the mandatory claim transfer and assignment Rules as provided for by **Rule 3001(e)** of the Federal Rules of Bankruptcy Procedure;

M.  That the debtor(s) be granted a **final hearing** on all issues raised by the pleadings in this

case;

N.  That the attorney for the debtor(s) be awarded a non-base legal fee of $450.00 to be paid

under the plan; and

O.  That the debtor(s) have such other and further relief as to the court may seem just and

proper.

**This document may contain nonpublic personal information about the consumer-debtor(s) subject to the restrictions of the Federal Gramm-Leach-Bliley Act.  Such information, if any, is only included in this document for matters and things related to the bankruptcy case of these consumer-debtor(s).  You may therefore only use this information in connection with proceedings in this bankruptcy case and for no other purpose.  You may not directly or indirectly redisclose or reuse any of the consumer-debtor(s)' nonpublic personal information contained in this document for any other purpose.**

This the 8th Day of December, 2010.

  /S/ Linda M. Tirelli_____
Linda M. Tirelli, Esq.,
Of Counsel to David Babel, Esq.
Counsel for the Debtor
Law Offices of Linda M.Tirelli PC
One North Lexington Avenue, 11th Floor
White Plains, NY 10601
PH (914)946-0860 / Fax(914)946-0870